IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-211-1 |
| JOAN ABREU-FELIZ | : | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant Joan Abreu-Feliz presents a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The request should again be denied.

Feliz filed his first motion on June 3, 2020 (docket no. 226), and the government responded on June 15, 2020 (docket no. 229). The Court denied the motion on June 30, 2020, after holding a hearing.

As explained at length in our earlier response, Feliz is serving a 120-month sentence for helping to arrange for the delivery of large quantities of methamphetamine, cocaine, and heroin. His minimum release date is September 23, 2023.

In his first motion, he asserted that he was at risk for a severe outcome from COVID-19 due to hypertension, asthma, and other pulmonary conditions. The government responded that the defendant did not appear to be at significant risk, given that he was 37 years old, did not present asthma, and presented only high blood pressure, which the CDC has only stated "might" present a risk in relation to COVID-19. The

government also emphasized that the 18 U.S.C. § 3553(a) factors support completion of the sentence. We observed that Feliz had a prior drug trafficking offense, and was on probation for a firearm offense when he conspired to distribute significant amounts of heroin and methamphetamine.

Feliz's new motion, filed on January 5, 2021 (docket no. 234), does not reference his earlier motion. It seeks relief based on the following conditions: hypertension, obesity, a history of smoking, and a brain tumor. The motion also emphasizes the recent outbreaks of COVID-19 at FCI Fort Dix, where he is held.

**Outbreaks at Fort Dix.** Despite BOP's best efforts, there were in fact alarming recent outbreaks of COVID-19 in the inmate population at FCI Fort Dix, which is the largest U.S. federal prison in terms of capacity. At FCI Fort Dix, which currently houses 2,745 inmates, there was an early outbreak in May, in which 36 inmates at the camp that is part of the institution tested positive for COVID-19. All recovered, and there was no death at the facility. For many months afterwards, BOP's aggressive mitigation efforts, documented earlier to this Court, were successful in preventing any known new infection. Courts recognized this. *See, e.g.*, *United States v. Phillips*, 2020 WL 5076753, at *4 (E.D. Pa. Aug. 27, 2020) (Surrick, J.) ("The efforts made by the BOP at FCI Fort Dix have proven successful."); *United States v. Moses*, 2020 WL 5117978, at *4 (E.D. Pa. Aug. 31, 2020) (Padova, J.).

Then, additional and larger outbreaks began in October, ultimately affecting more than half of the institution. At present, there are 789 reported cases in the institution, and

a total of 530 current inmates are deemed recovered. It remains the case that there has been no COVID-related death.

However, our position regarding compassionate release does not depend on the current status of the virus at an institution. Even when an institution currently presents few or no cases, and we commend BOP for its efforts and make the Court aware of those endeavors, we are always aware of the pernicious nature of this virus and that it may enter a facility at any time and spread rapidly. Further, the Third Circuit has made clear that the mere existence of the virus is not a basis for release of a federal prisoner. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also United States v. Labuda*, 2020 WL 6886222, at *3 (N.D. Ind. Nov. 24, 2020) ("an outbreak within a prison does not justify compassionate release unless the inmate's medical conditions are sufficiently serious.").

Therefore, in responding to compassionate release motions, this office focuses not on the institution's status at the moment, but on whether an inmate would be at risk, according to the CDC, for a severe outcome from COVID-19 if the virus did arrive, and if so, whether incarceration remains necessary regardless upon consideration of all 3553(a) factors. Following this approach, this office has agreed to the compassionate release of dozens of inmates during the pandemic, regardless of the immediate situation at the institution, where the inmate would be at risk upon infection and all other considerations do not foreclose release. And we have advocated denial of many more motions where these circumstances are not present.

**Medical conditions.** Feliz's situation falls into the latter category. We remain of the view that continued incarceration is warranted notwithstanding the existence of COVID-19. He presents risk factors, but he is a young man (now 38 years old), and as stated before, the 3553(a) factors support this Court's determination that the sentence should not be reduced.

Feliz continues to present hypertension, regarding which the CDC states there are insufficient data to conclude whether a definite risk is then presented. Courts continue to generally deny motions premised on hypertension alone. *See, e.g.*, *United States v. Ackerman*, 2020 WL 5017618, at *5 (E.D. Pa. Aug. 25, 2020) (Marston, J.) ("Where, as here, there is no indication that the defendant's hypertension cannot be properly controlled via medication or other appropriate medical care, courts routinely hold that compassionate release is not warranted.") (citing cases). Further, there is no record that Feliz presently suffers any ailment as a result of a brain tumor treated close to 20 years ago.

He now states, however, that he was a previous smoker (though he offers no evidence to support that). And he observes for the first time, correctly, that he is obese. He weighed 221 pounds on July 1, 2020. At 5'6" tall, that is a body mass index (BMI) of 35.7, above the threshold of 30 that the CDC states marks a risk factor for severe COVID-19 illness. Thus, Feliz presents risk factors, and is eligible for consideration for compassionate release.

The government maintains, however, that release should again be denied, given the defendant's young age, the severity of his crime and record, and the time remaining

on his sentence. *See, e.g.*, *United States v. Robinson*, 2020 WL 7056488 (E.D. Pa. Dec. 2, 2020) (Beetlestone, J.) (denied notwithstanding obesity (BMI of 40.4) and prediabetes, as defendant is 37, health is cared for, institution has few cases, and "releasing Robinson after fifty-seven months [of 120-month term] would fail to reflect the seriousness of conspiring to sell and personally distributing large quantities of PCP in a residential community, near a daycare and a university," and would cause unwarranted sentence disparities); *United States v. Mack*, 2020 WL 4012837 (N.D. Ohio July 16, 2020) (inmate at Elkton (where there was large outbreak) has diabetes, but he has over 2 years remaining on 87-month sentence, and the defendant was involved in a conspiracy to distribute meth, and has a history of minor offenses and substance abuse; there is a "serious" possibility he will recidivate, and relief is denied).

    Respectfully yours,

    WILLIAM M. McSWAIN
    United States Attorney

    */s Robert A. Zauzmer*
    ROBERT A. ZAUZMER
    Assistant United States Attorney
    Chief of Appeals

    */s David J. Ignall*
    DAVID J. IGNALL
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served by email on:

>Nina C. Spizer, Esq.
>Assistant Federal Defender

I hereby certify that a copy of this pleading has been served by first-class mail, postage prepaid, upon:

>Mr. Joan Abreu-Feliz
>Register Number 72036-066
>FCI Fort Dix
>P.O. Box 2000
>Joint Base MDL, NJ  08640

>*/s David J. Ignall*
>DAVID J. IGNALL
>Assistant United States Attorney

Dated:  January 12, 2021.